852 F.2d 1287
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry BOUT, Plaintiff-Appellant,
v.
CITY OF GRAND RAPIDS, a Municipal Corporation, City of Grand
Rapids Police Department, William Hegarty, Individually and
in his Representative Capacity as Chief of Police for the
City of Grand Rapids, Roelofs W. Gerritt, Individually and
in his Representative Capacity as a Police Officer for the
City of Grand Rapids, Tom Niewiek, Individually, Nieweik
Motor Sales, a Corporation, Linda K. Kersjes, Individually,
Robert C. Holst, Robert Durst, Defendants-Appellees.
 No. 88-1155.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1988.
 
 Before MERRITT, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff appeals a judgment of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. He now moves for the appointment of counsel. Upon review of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, Harry Bout, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Western District of Michigan. As the basis of his claim for both compensatory and punitive damages, he alleged that defendants Hegarty, Roelofs and Durst, in their capacities as employees of defendant City of Grand Rapids, had improperly impounded his automobile in violation of his right to due process. In addition, plaintiff alleged a further denial of due process based upon defendants Roelof's and Durst's subsequent surrender of possession of the motor vehicle to defendants Holst and Kersjes, who in turn sold it to defendant Niewiek Motor Sales. Upon review of those allegations, however, the district court determined that plaintiff's cause of action was frivolous and therefore directed its dismissal pursuant to 28 U.S.C. Sec. 1915(d). This appeal followed.
 
 
 3
 A district court may properly dismiss an action filed in forma pauperis for reason of frivolity under 28 U.S.C. Sec. 1915(d) if it, assuming the truth of the allegations in the complaint, can conclude that the plaintiff could prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 259 (6th Cir.1983). The district court correctly applied that standard in this case. In particular, scrutiny of the complaint discloses that the substance of plaintiff's claim is that defendants' actions in regard to his automobile constitute a random, unauthorized deprivation of his property without due process of law. In order to state a claim for such an occurrence under 42 U.S.C. Sec. 1983, however, plaintiff must first plead and eventually prove the inadequacy of any state remedies which might be available to him. Parratt v. Taylor, 451 U.S. 527 (1981); Vicroy v. Walton, 721 F.2d 1062 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). As review of the pleadings indicates that plaintiff has failed to satisfy that requirement, the district court did not err in dismissing his complaint.
 
 
 4
 Accordingly, the motion for appointment of counsel is hereby denied and the district court's final judgment entered January 15, 1983, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.